UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BERRY PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2748 CDP |
| | ) | |
| DARRELL WAGGANER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $4.98, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff Berry Perry, currently an inmate at South Central Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 alleging due process, equal protection, First Amendment, Fourth Amendment, and Eighth Amendment violations arising from an order of disciplinary segregation and administrative segregation after Perry was found guilty of a conduct violation at Eastern Reception Diagnostic and Correctional Center ("ERDCC"). Plaintiff names the following employees of ERDCC as defendants: Darrell Wagganer (Investigator), Amy Roderick (Inspector General), Joe Hoffmeister (Deputy Warden), Teri Lawson (Assistant Warden), Stan Jackson (Deputy Warden), Troy Steele (Warden), Sean Wescott (Corrections Lieutenant), Dennis Martin (Corrections Officer), Douglas Montgomery (Functional Unit Manager ("FUM")), Dale Phillips (FUM), and Derek Barker (Corrections Case Manager).

On September 2, 2015, plaintiff was accused of a Prison Rape Elimination Act ("PREA") crime investigated by defendant Wagganer. Another inmate, Mitchell, gave staff at ERDCC a PREA kite that plaintiff forced another inmate, Ponticello, to have deviant sexual intercourse with plaintiff. Defendant Wagganer obtained a DNA sample from plaintiff, interviewed plaintiff twice, interviewed the victim, ordered a rape kit examination of the victim, and prepared an investigator's report.

On December 4, 2015, plaintiff had a disciplinary hearing before an Adjustment Board Committee regarding his PREA conduct violation. Defendant Montgomery read plaintiff's Rule

7.1 conduct violation report, and asked plaintiff if he had a statement. Plaintiff gave the committee a two-page written statement with supporting documentary evidence. Plaintiff told the committee that he had asked for videotape footage and to interview several witnesses. The Committee had not reviewed any videotape footage, and no witnesses were called at the hearing.

The committee relied on defendant Wagganer's investigator's report and found plaintiff guilty of forcible sexual misconduct. Plaintiff states he has not seen the investigator's report, and no evidence was presented during his disciplinary hearing that would allow for a finding of guilt. Plaintiff was sanctioned to thirty days disciplinary segregation, referred to administrative segregation, and referred for prosecution. Plaintiff grieved this sanction twice, but his grievances and subsequent appeals were denied.

Plaintiff complains that the sanctions were unlawful because there was no evidence of rape in the record. He also states his procedural due process rights were violated because the committee failed to comply with MODOC policy. Because plaintiff was found guilty of a PREA-related conduct violation, plaintiff is now classified as a higher risk offender, a "PREA alpha," and is mandated to be housed with other "alpha only" offenders, who are typically more aggressive and violent than other offenders. Additionally, because his custody level has increased, he states he will not be eligible to participate in work release, vocational classes, and will not have as much time out of his cell for other activities. Plaintiff also states he may be denied parole eligibility during his parole board hearing, which will be held in October 2019.

## Discussion

*Fourteenth Amendment Due Process Claim*

Plaintiff alleges that his due process rights were violated when he was issued a PREA conduct violation because he was denied access to the videotape evidence and witness statements, which he claims would have exonerated him at the disciplinary hearing. He also complains that no evidence was presented during his disciplinary hearing that would allow for a finding of guilt.

"To establish a procedural due process violation, a plaintiff need not only show a protected interest, but must also show that he or she was deprived of that interest without sufficient process, *i.e.*, without due process. The due process clause ensures every individual subject to a deprivation the opportunity to be heard at a meaningful time and in a meaningful manner. The circumstances of the deprivation dictate what procedures are necessary to satisfy this guarantee." *Swipies v. Kofka*, 419 F.3d 709, 715 (8th Cir. 2005) (quotations and citations omitted).

To determine whether plaintiff possesses a protected liberty interest, the Court must compare the conditions to which plaintiff was sanctioned with those he could "expect to experience as an ordinary incident of prison life." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). The Supreme Court has explained that many of the restraints of prison life do not violate the Constitution: "these [liberty] interests will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). For plaintiff "to assert a liberty interest, he must show some difference between [the] conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship."

*Phillips*, 320 F.3d at 847. Disciplinary action taken in response to a prisoner's misconduct "falls within the expected parameters of the sentence." *Sandin*, 515 U.S. at 485. The due process clause does not protect every change in a prisoner's confinement that has an adverse impact on him—only those changes resulting in an atypical, significant deprivation. *See id.* Segregated confinement does not normally "present a dramatic departure from the basic conditions" of prison life. *Id.* Likewise, there is no protected liberty interest in a particular classification "[a]s long as the [challenged] conditions or degree of confinement . . . [are] within the sentence imposed . . . and [are] not otherwise violative of the Constitution." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *see Slezak*, 21 F.3d at 593-94; *Nash v. Black*, 781 F.2d 665, 668 (8th Cir. 1986).

As a result of the PREA conduct violation, plaintiff was sanctioned to thirty days disciplinary segregation; referred to administrative segregation; and referred for prosecution. In addition, plaintiff complains he has been designated an "PREA alpha" offender, which restricts him to being double celled with other "alpha only" offenders of plaintiff's same height, weight, and build, or larger. He lost his eligibility for a reduced custody level, and he may be denied parole eligibility in the future.

Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship which might conceivably create a liberty interest. *Sandin*, 515 U.S. at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); *Freitas v. Ault*, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying

job and numerous privileges). As a result, his claim regarding disciplinary segregation and administrative segregation fails to state a claim upon which relief can be granted. The conditions of plaintiff's confinement are not otherwise violative of the Constitution. As a result, plaintiff's claims are legally frivolous and subject to dismissal pursuant to 28 U.S.C. § 1915(e)

In addition, courts have routinely ruled that a prisoner has no due process right to call witnesses or review prison video tapes at a conduct violation hearing. *See Perry v. Crews*, 2014 WL 466242, *3-4 (E.D. Mo. Feb. 5, 2014) (no constitutional violation in denying videotape evidence at disciplinary hearing); *Savory v. Moore*, 2009 WL 151728, *7 (W.D. Mo. Jan. 21, 2009) (no due process right in opportunity to have relevant videotape reviewed at hearing); *Strickland v. Delo*, 758 F. Supp. 1319, 1321-22 (E.D. Mo. 1991) (no due process right to call witnesses available and necessary to the charge being reviewed).

Plaintiff's claim to the possible loss of his parole eligibility is purely speculative, and subject to dismissal for this reason. Even if plaintiff had shown a loss of his parole release date, the Supreme Court held in *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 9-11 (1979), that inmates do not have constitutionally-protected liberty interests in the possibility of parole. Nor do Missouri parole statutes create a liberty interest in parole. *See Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005). Plaintiff's allegations challenging the potential denial of parole eligibility do not state a claim under § 1983.

For these reasons, the Court finds that plaintiff was afforded all the due process protections to which he was entitled arising out of his conduct violation and his due process claims will be denied under 28 U.S.C. § 1915(e)(2).[1]

---

[1] Furthermore, "[d]ue process requirements are satisfied if some evidence—that is, any evidence in the record—supports the disciplinary decision." *Rudd v. Sargent*, 866 F.2d 260, 262 (8th Cir. 1989) (citing *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985)). Plaintiff's complaint shows

*Due Process—Failing to Comply with MODOC's Policies*

Plaintiff's allegations challenging defendants' failure to follow MODOC or internal prison regulations in the issuance of the PREA conduct violation also fail to set forth a liberty interest protected by due process. There is no federal constitutional liberty interest in having prison officials follow prison regulations. *See Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) ("Due Process Clause does not federalize state law procedural requirements."). Plaintiff's liberty interest must be in that nature of his confinement, and not in the procedures used to determine his confinement. *Id.* These allegations will be dismissed under 28 U.S.C. § 1915(e)(2).

*Fourth Amendment Violation*

Plaintiff alleges his Fourth Amendment rights were violated when defendant Wagganer filed "false statements" in his affidavit to the Court to obtain plaintiff's DNA sample. Plaintiff alleges defendant Wagganer falsified that he "had received a complaint from Ponticello that he was forced to have deviant sexual intercourse with plaintiff." Plaintiff argues this statement is false because that the first complaint about the PREA assault came from another inmate, Mitchell, and not Ponticello. According to plaintiff's complaint, however, Wagganer interviewed Ponticello and Ponticello made a PREA allegation against plaintiff. Additionally, plaintiff argues defendant Wagganer over-exaggerated the facts in the affidavit when he said Ponticello had bruises and marks on his body consistent with a sexual assault. Plaintiff argues that Ponticello had only one mark on his body. Neither of the alleged falsified statements plaintiff complains of are false or material to the affidavit.

---

there was "some evidence" to support plaintiff's disciplinary action. *See Brown v. Frey*, 807 F.2d 1407, 1412-13 (8th Cir. 1986). Ponticello made PREA allegations against plaintiff; Ponticello had at least one mark on his neck indicating an assault; and plaintiff failed a Computerized Voice Stress Analysis test.

The Court finds plaintiff's factual allegations regarding a Fourth Amendment violation based on defendant Wagganer's falsified statements to be frivolous. The Court will dismiss this claim under 28 U.S.C. § 1915.

*First Amendment Retaliation*

Plaintiff alleges defendant Wagganer retaliated against him after he filed two grievances related to Wagganer's investigation of plaintiff's PREA conduct violation. The retaliatory conduct plaintiff complains of took place at a follow-up interrogation by defendant Wagganer on January 12, 2016. Plaintiff states defendant Wagganer "berated plaintiff for allegations made against him in the grievances" and yelled at him during this meeting.

To state a prima facie case for First Amendment retaliation under 42 U.S.C. § 1983, plaintiff must allege that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against him that would chill a person of ordinary firmness from engaging in that activity. *See Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

Liberally construed, the Court cannot find that defendant Wagganer's "berating of" and yelling at plaintiff during one meeting would chill a person of ordinary firmness from engaging in protected activity. *See, e.g., Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("[I]n the usual case mere words, without more, do not invade a federally protected right"). For this reason, the Court will dismiss plaintiff's retaliation claims.

*Eighth Amendment and Equal Protection Claims*

Plaintiff makes passing reference to his Eighth Amendment rights being violated, and states, at times, that defendants' actions deprived him of his Fourteenth Amendment right "to be free from disparate and dissimilar treatment" These allegations are not fleshed out, and are conclusory in nature. "Civil rights pleadings should be construed liberally. At the very least,

8

however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). Plaintiff's allegations of Eighth Amendment and equal protection violations will be dismissed as frivolous because the complaint contains only conclusory allegations and fails to allege any facts, which if proved, would afford a basis for the granting of relief.

*State Law Claims*

Plaintiff claims his statutory rights under Missouri Revised Statute § 217.075 have been violated. Because only state law claims remain in this matter, the Court declines to exercise supplemental jurisdiction and will dismiss these claims without prejudice. *See* 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $4.98 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[2]

---

[2] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot. [ECF No. 4]

An order of dismissal will accompany this memorandum and order.

Dated this 21st day of May, 2018.

                                                                                      /s/ Catherine D. Perry
                                                                                      CATHERINE D. PERRY
                                                                                      UNITED STATES DISTRICT JUDGE